1  JORGE JAVIER
   ANA GLORIA RIVAS
2  6816 HOMAN CT.
   CHINO, CA 91710
3  (909) 664 - 3229
   NO FAX/NO E-MAIL
4

5  PLAINTIFF, IN PRO SE

6

7

8

9               UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

                    CENTRAL DIVISION
11

12               CV 11 - 00947 SJO      AJWx

13                              )  Case No.:
   1. JORGE JAVIER,             )
14                              )
   2. ANA GLORIA RIVAS          )
15                              )
              Plaintiffs,       )
16                              )
           vs.                  )
17                              )
   1. The Bank of New York Mellon FKA)
18                              )
   The Bank of New York as      )  **PLAINTIFF'S APPLICATION FOR**
19                              )  **TEMPORARY RESTRAINIG ORDER AND**
   Successor to JP Morgan Chase )  **ORDER TO SHOW CAUSE RE PRELIMINARY**
20                              )  **INJUNCTION; MEMORANDUM OF POINTS**
   Bank, N.A. ,as trustee for   )  **AND AUTHORITIES IN SUPPORT**
21                              )  **THEREOFF; DECLARATION OF JORGE**
   holders of Sami II 2006-AR1,MTG)  **JAVIER AND ANA GLORIA RIVAS**
22                              )
   Pass-Through Certificates,   )
23                              )
   Series 2006-AR1              )
24                              )
   2. BAC Home Loans Servicing LP,  )
25                              )
   3. RECONTRUST COMPANY        )
26                              )
              Defendants        )
27  _____)

28

            [Application For TRO and Preliminary Injunction] - 1

Plaintiffs **JORGE JAVIER AND ANA GLORIA RIVAS,** two individuals in pro per, motion for the court for a temporary restraining order, restraining and enjoining THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST COMPANY its agents, employees, attorneys, and all persons in active concert and participation with it or them, from engaging in or performing any act to deprive Plaintiffs of their residence in and possession of the real property located at **6816 HOMAN COURT, CHINO, 91710, SAN BERNARDINO COUNTY, STATE OF CALIFORNIA,** including but not limited to setting aside or postponing lock-out eviction proceedings FEBRUARY 3, 2011 at the above-referenced property or from otherwise taking any steps whatsoever to deprive Plaintiffs of their residence in and possession of the property or to impair or degrade the value of the property, pending a hearing on the Order to Show Cause re Preliminary Injunction requested herein.

Unless this application is granted, Plaintiffs will suffer immediate and irreparable injury, loss, and damage if they are evicted from their home before a hearing can be had on the Order to Show Cause, as more fully set forth in Plaintiffs' complaint, and in the Declaration of **JORGE JAVIER AND ANA GLORIA RIVAS** attached hereto.

**Dated this 28th Day of January 2011.**

_____

**JORGE JAVIER** Plaintiff, In Pro Se

_____

**ANA GLORIA RIVAS** Plaintiff, In Pro Se

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. Plaintiffs **JORGE JAVIER AND ANA GLORIA RIVAS** hereinafter ("Plaintiffs"), individual in Pro Per, submit these points and authorities in support of their Application for Temporary Restraining Order ("TRO") and Preliminary Injunction, set forth in the Complaint in the instant action, filed concurrently herewith.

## *I.INTRODUCTION*

2. Defendants THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST COMPANY foreclosed upon Plaintiffs' property without legal right, and if Plaintiffs are evicted from their property before that issue is adjudicated by the Court, Plaintiffs will be left with no adequate remedy at law. Of course, there are compelling issues raised in Plaintiffs' complaint, at grounds on which the legal title in Plaintiffs' home should be restored to them, but the simple point is most egregious and compelling basis for the requested temporary restraining order ("TRO") and preliminary and permanent injunction. Immediate injunctive relief is imperative in this case because without an order from this Court, THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST COMPANY will be permitted to complete its outright misappropriation of Plaintiffs' home. The pertinent facts, as alleged in Plaintiffs' Complaint filed concurrently herewith, are as follows.

### *A.Factual Background*

1. Immediate injunctive relief is warranted in this action because Plaintiffs expect to be evicted from their home by the San Bernardino County Sheriff's Department at any time. Defendants THE BANK OF NEW

YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST COMPANY prevailed at an unlawful detainer proceeding as to the Property, and as a result, a writ of possession issued in favor of said Defendant[1]. Plaintiffs expect the five-day "lock-out" notice to be posted and/or re-issued at any time. However, Plaintiffs contend that the foreclosure sale itself should be set aside, for the reasons set forth in the instant Complaint.

    2. If injunctive relief is not allowed the opportunity to reasonably reinstate their loan, Plaintiffs may be evicted from their home before the Court has the opportunity to adjudicate the issues raised herein, and they would thus be deprived of any adequate remedy for the wrongs committed by the Defendants. Moreover, if Plaintiffs were forced to move from their home, it would subject to the irreparable harm of public humiliation and loss of reputation in the community in which they live and work. If subsequent eviction proceeds, Plaintiffs do not know where they would live and could be out on the street. Given the fact that at every stage of these events, from the loan origination to the foreclosure sale, Defendants have misled Plaintiffs and acted to their detriment, and given the fact that Plaintiffs contend that THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST COMPANY have no right to foreclose on the Property, any subsequent action brought by any of the Defendants will essentially be fraudulent upon the court.

//

//

//

---

[1] The issues raised herein were not considered by the Court in the unlawful detainer proceedings, and are therefore not subject to *res judicata*. Defendant Francis did attempt to raise certain issues that are also raised herein in defense of the unlawful detainer, but the court denied this effort, on the grounds that the available defenses in an unlawful detainer action are strictly limited, and the issues should be addressed in a separate suit against WMC MORTGAGE.

[Application For TRO and Preliminary Injunction] - 4

1    3. The Property is unique. Therefore, should be requested injunctive

2   relief not to be granted, Plaintiffs will suffer irreparable injury

3   for which there is no adequate remedy in law when they are forcibly

4   evicted from their home and THE BANK OF NEW YORK MELLON, BAC HOME

5   LOANS SERVICING LP, RECONTRUST COMPANY proceed to sell the Property to

6   a third party, who may then be a bona fide purchaser for value,

7   causing the Property to be lost to Plaintiffs forever.

8

9                              **ARGUMENT**

10  **A. Defendants *THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP,***

11  ***RECONTRUST COMPANY* have foreclosed on the Property despite its failure**

12                **to comply with *Cal Civ Pro* §2923.5.**

13   4. As noted, THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING

14  LP, RECONTRUST COMPANY have never established proof that it was

15  entitled to perform the non-judicial foreclosure under *Cal Civ Pro*

16  *§2924.* THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP,

17  RECONTRUST COMPANY expect to accomplish their remarkable feat by

18  virtue of the non-judicial foreclosure and unlawful detainer

19  procedures in effect in California. These procedures are designed to

20  facilitate expeditious and inexpensive resolution of foreclosures,

21  while imposing a minimal burden on judicial resources.

22   //

23   //

24   //

25   //

26   //

27   //

28   //

1    5. Not coincidentally, these systems were also designed and
2  implemented before the events now becoming commonly known as "the
3  mortgage meltdown"[2] had developed. Unfortunately, now that the
4  "mortgage meltdown" is upon us, California's well-intentioned systems
5  leave a wide path for unscrupulous—or even merely injudicious and
6  sloppy purported "beneficiaries". By virtue of California's systems,
7  entities may falsely claim to be beneficiaries by assignment-whether
8  the false representation is intentional or negligent-and then commence
9  to take unfair advantage of the expedited foreclosure and unlawful
10  detainer procedures to avoid the consequences of their misconduct and
11  to profit thereby.

12    6. THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP,
13  RECONTRUST COMPANY have never established proof that it was entitled
14  to perform the non-judicial foreclosure under *Cal Civ Pro §2924.* THE
15  BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST
16  COMPANY may not have intentionally set out to misappropriate
17  Plaintiffs' property, but the documented pattern and course of conduct
18  in similar cases across the country is clear and well-established, and
19  demonstrates Defendants' reckless disregard for the rights of hapless
20  homeowners who cross its path. Trustees through its governing pooling
21  and servicing agreements are notorious nationwide for seeking to
22  foreclose upon property as to which it is not entitled to enforce as a
23  security interest, or, at a minimum, as to which it cannot legally
24  establish such entitlement.

25    //

26    //

[2] "Mortgage Meltdown" refers to the ongoing financial crisis triggered by a dramatic rise in
27  mortgage delinquencies and foreclosures in the United States, with major adverse consequences for
banks and financial markets around the globe. The crisis, which has its roots in the closing
years of the 20th century, became apparent in 2007 and has exposed pervasive weaknesses in
28  financial industry regulation and the global financial system.

7. Nevertheless, in California, entities such as Defendants still blithely proceeded to foreclose on the property without virtue of recorded assignment of beneficial interest, and without producing any evidence of its status as a beneficiary. Defendants intend to rely on and manipulate California's expedited non-judicial foreclosure and unlawful detainer systems to quickly and cheaply obtain property at the expense of homeowner victims who generally lack the legal and financial wherewithal to challenge their actions.

8. In this case, THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST COMPANY have never established proof that it was entitled to perform the non-judicial foreclosure under *Cal Civ Pro §2924.* THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST COMPANY apparently maintain that they somehow acquired the beneficial interest under the Deed of Trust as some point between November 2006 and February 2011. Matters such as how this came about, who purportedly assigned the interest, when such assignment may have occurred, and under what circumstances are all left entirely to the imagination. In the absence of direct evidence, the only recourse is to rely on assumptions that such entities are entitled to such assignments of equity and the powers that lie within. However, with such power and responsibility come its requirements that must be adhered to upon execution. Namely that which was established in March of 2010 which compels entities such as THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST COMPANY have never established proof that it was entitled to perform the non-judicial foreclosure under *Cal Civ Pro §2924.* THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST COMPANY to complete their due diligence in assisting borrowers such as the Plaintiffs in avoiding foreclosure

1  through modification or Federal programs made available to persons in

2  her financial situation.

3     9. THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP,

4  RECONTRUST COMPANY have never established proof that it was entitled

5  to perform the non-judicial foreclosure under *Cal Civ Pro* §*2924.* THE

6  BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST

7  COMPANY simply made the statement that it had complied with the

8  requirements of Cal Civ Pro §2923.5 which states, in pertinent part:

9          1. *"(a)(1) A mortgagee, trustee, beneficiary, or authorized*

10         *agent may not file a notice of default pursuant to section*

11         *2924 until 30 days after contact is made as required by*

12         *paragraph (2) or 30 days after satisfying the due diligence*

13         *requirements as described in subdivision (g)."*

14 However, no proof has ever been submitted that there was any such

15 compliance. Plaintiffs contend that their personal attempts to take

16 advantage of opportunities afforded by the available Government

17 programs were futile as Defendant gave the impression that they would,

18 in no way, qualify for such benefits.

19    10. Plaintiffs' allegations in this complaint are clear and a

20 trial will be able to determine a clear violation of rights in

21 Plaintiffs' case.

22    //

23    //

24    //

25    //

26    //

27    //

28    //

**B. Defendant relied on Plaintiffs' ignorance of any requirements of due diligence and overall inability to argue her rights in order to accelerate the foreclosure process.**

11. California, of course, is a non-judicial foreclosure state. Accordingly, unless a homeowner takes affirmative steps to sue the foreclosing party, the first time he or she will meet the foreclosing party in court is at an unlawful detainer hearing. As Judge Boyko observed, most homeowners facing foreclosure do not have wherewithal to bring such an action:

1. *"Typically, the homeowner who finds himself/herself in financial straits… is not interested in testing state or federal jurisdictional requirements, either pro se or through counsel. Their focus is either, 'how do I save my home,' or 'if I have to give it up, I'll simply leave and find somewhere else to live".*[3]

---

[3] In re Foreclosure Cases, Nos.1:07CV2282, et aI., Amended General Order, No.2006-16,fn.3.

12. It is abundantly clear that these entities have a well-earned national reputation for attempting to foreclose without establishing its legal right to do so. Accordingly, Plaintiffs' contention that this is precisely what will happen in the instant action is eminently reasonable and believable, and extremely likely to be affirmatively proven at trial.

## I. REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF

13. The purpose of a TRO is to preserve the status quo pending a full hearing on a preliminary injunction. *Bronco Wine Co. v. U.S. Dept. of Treasury*, 997 F. supra 1309, 1313 (B.D. Cal. 1996). A party seeking a TRO must satisfy the same test that is required for the issuance of a preliminary injunction. *Id.* A party seeking preliminary injunctive relief must show (1) a likelihood of success on the merits, (2) a significant threat of irreparable harm, (3) that the balance of hardships favors the applicant, and (4) whether any public interest favors granting an injunction. *Raich v. Ashcroft*, 352 F.3d 122, 1227 (9th Cir. 2003) (*citing Dollar Rent-a-Car of Wash., Inc. v. Travelers Indem. Co.,* 774 F.2d 1371, 1374 (9th Cir. 1985)) *vacated and remanded on other grounds by Gonzalez v. Raich*, 545 U.S. 1 (2005).

### A. *Plaintiff is likely to Prevail on the Merits of the Case at Trial*

14. Plaintiffs' Complaint seeks several forms of relief, including the opportunity to assess their ability to qualify for the Federal programs to assist them with their mortgage and avoid the complete loss of their home. One basis for  relief is Plaintiffs' contention that THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST COMPANY have never established proof that it was entitled

[Application For TRO and Preliminary Injunction] - 10

to perform the non-judicial foreclosure under *Cal Civ Pro §2924.* THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST COMPANY failed to consult with them as required by Cal. Civ. Pro. §2923.5 thirty days prior to their enforcement of the security interest on the Deed of Trust, and therefore any default is unlawful and the subsequent foreclosure sale will be void as a matter of law. Plaintiffs' claims are hardly farfetched or outlandish, as Plaintiffs simply request what they are rightfully entitled to by law.

15. In addition, Plaintiffs allege statutory notice irregularities with the foreclosure sale, Equitable Estoppel and other causes of action which would suffice on their own warrant voiding and setting aside the sale. One purpose of the statutory notice requirements is to protect a trustor from wrongful loss of property. *Melendrez v. D.I. Investment,* 127 Cal.App.4th 1238, 1249, 26 Cal.Rptr.3d 413 (2005). By failing to notify Plaintiffs of their rights to a formal meeting or other form of review, THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST COMPANY have never established proof that it was entitled to perform the non-judicial foreclosure under *Cal Civ Pro §2924.* THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST COMPANY thwarted their purpose and effectively denied Plaintiffs' ability to communicate with the proper parties to investigate and address the alleged default. The appropriate remedy for harm caused by failure to comply with the statutory notice requirements is to void the default and the subsequent trustee's sale.

//

//

//

//

**B.** *Plaintiffs Will Suffer Irreparable Harm if Injunctive Relief is not*

*Granted*

16. Plaintiffs are in imminent danger of being evicted from their home, leaving THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST COMPANY have never established proof that it was entitled to perform the non-judicial foreclosure under *Cal Civ Pro §2924.* THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST COMPANY free to transfer the Property to a third party, if they can find a buyer in the current housing market.

17. Plaintiffs' home is unique, and if it is sold to a third party bona fide purchase, they will not be able to purchase the same home anywhere else. In addition, if Plaintiffs are evicted, they would be subject to the irreparable harm of public humiliation and loss of reputation in the community in which they live and work.

18. The imminent prospect of being evicted from and permanently losing their home presents a threat of irreparable harm. See, *Avila v. Steams Lending, Inc.*, 2008 WL 1378231 at *3(C.D. Cal. April 7, 2008); *Wrobel v. S.L. pope & Assoc.*, 2007 WL 2345036 at *1 (S.D. Cal. June 15, 2007); *Nichols v. Bank of New York Nat. Trust Co.*, 2007 WL 4181111, at *3 (S.D. Cal. Nov. 21, 2007).

**C.** *The Balance of Hardships Favors Plaintiff*

19. The irreparable harm Plaintiffs will suffer if they were evicted from their home and if their home is sold to a third party far outweighs any potential harm to Defendants. If injunctive relief is denied, and Plaintiffs could have ultimately succeeded on the merits of their claim, Plaintiffs will have suffered irreparable harm. On the other hand, if Plaintiffs do not succeed on their claim, Defendants

THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST COMPANY have never established proof that they were entitled to perform the non-judicial foreclosure under *Cal Civ Pro §2924.* THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST COMPANY would be free to take possession of the Property and sell it, if possible in the current market. The only potential harm to Defendants might be financial, and even that is only assuming that they would be able to find a buyer for this Property before this case goes to trial.

20. Thus, if the Court grants the requested injunctive relief, and Plaintiffs do not prevail at trial, Defendants will have suffered minimal harm, if any and certainly no irreparable harm at all. On the other hand without the requested injunctive relief, Plaintiffs are in imminent danger of suffering irreparable harm within weeks, if not days, and if this happens they will be left with no adequate legal remedy for such harm.

### III. CONCLUSION

21. Plaintiffs respectfully submit that they will have shown that a TRO, and then a preliminary injunction, should issue because while comparatively great and irreparable harm will certainly come from denying the requested relief, only minimal injury-and speculative injury at best-will inure to Defendants if the requested is granted. Further, Plaintiffs respectfully submit that on its face, Plaintiffs' case has sufficient merit to warrant a finding that the status quo should be preserved until the controversy can be fully adjudicated.

22. Plaintiffs request that the Court grant the TRO and then the preliminary injunction to effect the following:

1. To restraint and enjoin THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST COMPANY have never established proof that it was entitled to perform the non-judicial foreclosure under *Cal Civ Pro §2924.* THE BANK OF NEW YORK MELLON, BAC HOME LOANS SERVICING LP, RECONTRUST COMPANY its agents, assigns, employees, officers, attorneys, and representatives, and those in active concert or participation with them, pending trial of their own action, from engaging in or performing any act to deprive Plaintiffs of their residence in and possession of the real property located at **6816 HOMAN COURT, CHINO, STATE OF CALIFORNIA** including but not limited to setting aside or postponing the lock-out proceedings, at the residence or from otherwise taking any steps whatsoever to deprive Plaintiffs of their residence in and possession of the Property or to impair or degrade the value of the Property.

Dated this 28th Day of January 2011

_____

**JORGE JAVIER**

Plaintiff, In Pro Se

_____

**ANA GLORIA RIVAS**

Plaintiff, In Pro Se